FILED
United States Court of Appeals
Tenth Circuit

July 12, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In re:

SEREINO JOE MARTINEZ,

        Movant.

No. 12-1272
(D.C. Nos. 1:11-CV-00380-WDM &
1:07-CR-00236-REB-1)
(D. Colo.)

---

**ORDER**

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

    Sereino Joe Martinez applies pro se for authorization to file a second or successive 28 U.S.C. § 2255 motion challenging his convictions for unlawful transport of firearms and felon in possession of a firearm. He was sentenced pursuant to the Armed Career Criminal Act ("ACCA") to 180 months in prison. We deny authorization.

    Mr. Martinez's convictions and sentence were affirmed on direct appeal. *United States v. Martinez*, 382 F. App'x 786 (10th Cir. 2010). He filed his first § 2255 motion on February 14, 2011, claiming that his attorney had

> provided ineffective assistance (1) by failing to object to the admission of conflicting documents related to the 1990 menacing conviction; (2) by failing to conduct an adequate investigation, which would have revealed that his 1990 menacing conviction was a misdemeanor; (3) by not objecting to a Colorado court-minutes document showing that Defendant had pleaded guilty to a charge that actually had been dismissed; and (4) by failing to investigate his murder conviction and failing to object

> to the admission of the conviction because it was honorably
> discharged under Nevada law.

*United States v. Martinez*, No. 11-1382, 2012 WL 1021867, at *1 (10th Cir. Mar. 28, 2012) (unpublished order denying certificate of appealability). The district court denied the motion on July 28, 2011, and this court denied issuance of a certificate of appealability on March 28, 2012, *id.*[1]

Before us is Mr. Martinez's motion for authorization to file a second § 2255 motion. "Federal prisoners are barred from attacking their federal convictions through second or successive § 2255 motions except in very limited circumstances." *United States v. Kelly*, 235 F.3d 1238, 1241 (10th Cir. 2000). "Second or successive § 2255 motions are restricted to claims involving either newly discovered evidence strongly suggestive of innocence or new rules of constitutional law made retroactive by the Supreme Court." *Brace v. United States*, 634 F.3d 1167, 1170 (10th Cir. 2011) (internal quotation marks and ellipsis omitted).

Mr. Martinez seeks relief based on a recent Supreme Court case, contending that his attorney should have challenged his conviction under the Tenth Amendment. He relies on *Bond v. United States*, 131 S. Ct. 2355, 2360, 2366-67 (2011), where the Court held that a petitioner had standing to raise a claim that the statute of conviction was invalid under the Tenth Amendment. But the Supreme Court has not declared

---

[1] Mr. Martinez has also filed a petition under 28 U.S.C. § 2241, which is currently pending in the United States District Court for the Eastern District of California.

*Bond* to be retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 2255(h)(2); *Tyler v. Cain*, 533 U.S. 656, 663 (2001) ("[A] new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." (internal quotation marks omitted)). Therefore, authorization cannot be based on *Bond*.

Mr. Martinez also claims that he is entitled to file another § 2255 motion based on newly discovered evidence. This new evidence is as follows: (1) his trial counsel failed to present material facts and should have objected to the introduction of his Nevada second-degree murder conviction; (2) his trial counsel should have objected to the introduction of several of his prior convictions because they were not "violent felonies" for ACCA purposes; (3) his appellate counsel failed to seek review of several trial court rulings, and she did not make an independent assessment of the merits of the appeal, instead relying on trial counsel's assessment; and (4) the trial court abused its discretion in failing to rule on disputed facts identified in his response to the government's sentencing memorandum. Mr. Martinez asserts that these claims qualify as newly discovered evidence because he did not have an opportunity to raise them earlier due to his transfers from prison to prison, his placement in administrative segregation for significant periods, and various periods of prison lock-down. He explains that during those times, he did not have access to the necessary files and legal materials.

"[F]ederal prisoners seeking relief under § 2255 generally must marshal all of their claims into one collateral attack on their conviction and sentence." *Kelly*, 235 F.3d at 1241.  Although Mr. Martinez argues that he did not discover the bases for his new claims until after his first § 2255 motion was filed, his present claims are not based on new evidence.  Rather, they are legal arguments that could have, and should have, been raised in his prior § 2255 motion.  Accordingly, we DENY authorization.

This denial of authorization "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

                                                Entered for the Court

                                                ELISABETH A. SHUMAKER, Clerk